IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Timothy A. Jackson, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 8:09-cv-01328-JMC |
| | ) | |
| v. | ) | **OPINION & ORDER** |
| | ) | |
| FUJIFILM Manufacturing USA, Inc., | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

      This matter is now before the court upon the Magistrate Judge's Report and Recommendation addressing Defendant FUJIFILM Manufacturing USA, Inc.'s ("Defendant") Motion for Summary Judgment [Doc. 75] and Plaintiff Timothy A. Jackson's Response Motion for Summary Judgment [Doc. 78].

      Plaintiff filed this action against Defendant alleging failure to accommodate and for retaliation pursuant to the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101, *et seq*. The Magistrate Judge's Report and Recommendation [Doc. 93], filed on June 18, 2010, recommends that Defendant's Motion for Summary Judgment be granted and all claims dismissed with prejudice. The Report and Recommendation sets forth the relevant facts and legal standards on this matter, and the court incorporates the Magistrate Judge's recommendation without a recitation.

      After receiving the Magistrate Judge's Report and Recommendation, Plaintiff timely filed objections. In his objections to the Report and Recommendation, Plaintiff argues that the Magistrate

1

Judge failed to view the evidence in a light most favorable to Plaintiff and improperly resolved facts in controversy as to several arguments in Defendant's Motion for Summary Judgment. For the reasons contained herein, Defendant's Motion for Summary Judgment is granted, the Magistrate Judge's Report and Recommendation is adopted herein, and this case is dismissed with prejudice.

The Magistrate Judge's Report and Recommendation is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. See 28 U.S.C. § 636(b)(1).

The majority of Plaintiff's objections merely reiterate factual allegations made in previous filings. Although Plaintiff's objections are voluminous and extensive in exhibit citation, he does not raise any factual objection which details with particularity and specificity any error made by the Magistrate Judge in making her factual assessments. More importantly, Plaintiff does not provide any evidence which contradicts the Magistrate Judge's findings of fact. Instead, Plaintiff's exhibit citations wholly support the factual recitation provided in the Report. Plaintiff simply disagrees with the Magistrate Judge's recitation. After a thorough review of the Magistrate Judge's Report and Recommendation, and the record in this case, the court finds that the Magistrate Judge correctly and adequately addressed Plaintiff's factual arguments in the Report. Therefore, the court adopts the Magistrate Judge's factual findings and incorporates them herein. However, the court was able to

discern several specific objections raised by Plaintiff regarding the Magistrate Judge's application of the law.

Plaintiff objects to the Magistrate Judge's finding that Defendant's failure to assign Plaintiff to his preferred position did not constitute a violation of the ADA's requirement of employers to provide reasonable accommodations to disabled employees.

The ADA states the scope of reasonable accommodation may include:

> [J]ob restructuring, part-time or modified work schedules, reassignment to a vacant position, acquisition or modification of equipment or devices, appropriate adjustment or modifications of examinations, training materials or policies, the provision of qualified readers or interpreters, and other similar accommodations for individuals with disabilities.

42 U.S.C. § 12111(9)(B). The Fourth Circuit has not addressed whether the ADA requires an employer, as a reasonable accommodation, to give a current disabled employee preference in filling a vacant position when the employee is able to perform the job duties, but is not the most qualified candidate. However, most of the circuits which have examined the issue have found that the ADA is not an affirmative action statute and does not require such action. *See Huber v. Wal-Mart Stores, Inc.*, 486 F.3d 480, 483 (8th Cir. 2007) (finding that the ADA does not require an employer to turn away a superior applicant in preference to the disabled employee); *Hedrick v. W. Reserve Care Sys.*, 355 F.3d 444, 459 (6th Cir. 2004); *Aka v. Wash. Hosp. Ctr.*, 156 F.3d 1284, 1311 (D.C. Cir. 1998) (finding that there is "no duty to afford [plaintiff] a hiring preference-because of his disability-over a more qualified, non-disabled applicant"); *Terrell v. USAir*, 132 F.3d 621, 627 (11th Cir. 1998); *Wernick v. Fed. Reserve Bank of N.Y.*, 91 F.3d 379, 384-85 (2d Cir. 1996); *Daugherty v. City of El Paso*, 56 F.3d 695, 700 (5th Cir. 1995) (noting "we do not read the ADA as requiring affirmative action in favor of individuals with disabilities, in the sense of requiring that disabled persons be

given priority in hiring or reassignment over those who are not disabled"). "[A]n employer is not required to provide a disabled employee with an accommodation that is ideal from the employee's perspective, only an accommodation that is reasonable." *Huber*, 486 F.3d at 484.

The evidence in this case indicates that Plaintiff first requested an accommodation for his condition in 2006. Although Plaintiff did not receive the work assignment he desired, there is nothing in the record to demonstrate that Defendant did not attempt to make a reasonable accommodation for Plaintiff.

The court has thoroughly reviewed the record in this case, the Report and Recommendation of the Magistrate Judge, and considered all post-Report and Recommendation responses filed in this matter. For the reasons set forth above, the court adopts the Magistrate Judge's Report and Recommendation.

It is therefore **ORDERED** that Defendant's Motion for Summary Judgment [Doc. 75] is granted, Plaintiff's response Motion for Summary Judgment [Doc. 78] is denied, and Plaintiff's Complaint is dismissed with prejudice.

**IT IS SO ORDERED.**

s/ J. Michelle Childs
United States District Judge

February 7, 2011
Greenville, South Carolina